UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────

LAMEL JEFFERY, THADDEUS BLAKE, and CHAYSE PENA, on behalf of themselves and others similarly situated,

                   Plaintiffs,

    -against-

THE CITY OF NEW YORK, ERIC ADAMS, Mayor of New York City, in his Official Capacity, BILL DE BLASIO, Former Mayor of New York City, Individually, ANDREW CUOMO, Former Governor of the State of New York, Individually, and P.O.s JOHN DOE #1-50, Individually and in their Official Capacity, (the name John Doe being fictitious, as the true names are presently unknown),

                   Defendants.

**MEMORANDUM & ORDER**
**20-CV-2843 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Following the partial dismissal of their claims, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 54(b), for an entry of partial final judgment on the dismissed curfew validity, unlawful arrest, and false imprisonment claims. Defendants New York City (the "City"); Eric Adams, Mayor of New York City, in his Official Capacity; and Bill De Blasio, former Mayor of New York City, Individually (together with the City, the "City Defendants") oppose the motion. For the reasons set forth below, Plaintiffs' motion for entry of partial final judgment under Rule 54(b) is DENIED.

## I. BACKGROUND

### A. Factual Background

The court assumes the parties' familiarity with the facts in this case, discussed in further detail in the court's prior opinion. *See Jeffery v. City of New York*, No. 20-CV-2843 (NGG) (RML), 2022 WL 204233, at *1-2 (E.D.N.Y. Jan. 24, 2022) (Dkt. 34). The following recites only those facts relevant to the court's analysis.

In late spring 2020, New York City experienced ongoing protests against racial discrimination and police brutality. (Compl. ¶¶ 10-11.) Though predominantly peaceful, these demonstrations included isolated incidences of violence, looting, and property damage (*Id.* ¶¶ 13-16.) In response to the protests, a citywide curfew was imposed on June 1, 2020. (*Id.* ¶¶ 17-18; *see also* June 1, 2020 Exec. Order No. 117 (Dkt. 25-1).) The curfew remained in place until its repeal on June 6, 2022. (*Id.* ¶ 19 & n.1.)

Before the curfew was repealed, Plaintiffs were allegedly outside in New York City in violation of the curfew, and as a result, were apprehended by NYPD officers and taken into custody.

### B. Procedural History

On June 26, 2020, Plaintiffs commenced a putative class action against the City Defendants; Andrew Cuomo, former Governor of the State of New York, Individually; and 50 unnamed New York City Police Department ("NYPD") officers, Individually and in their Official Capacities, challenging the temporary curfew and its execution.

On March 17, 2021, the former Governor filed a motion to dismiss the complaint in its entirety. (Gov.'s Mot. to Dismiss (Dkt. 24).) The same day, the City Defendants filed a partial motion to dismiss. (City Defs.' Mot. to Dismiss (Dkt. 19).)

On January 24, 2022, the court dismissed the claims against the former Mayor in his individual capacity and against the former

2

Governor, as well as the claims that the curfew was facially unconstitutional, that the arrests were unlawful, and the claims alleging false imprisonment. (*See* Jan. 24, 2022 Mem. & Order (Dkt. 34).) The court sustained the selective enforcement and municipal liability claims. (*Id.*)

Following the partial dismissal, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 54(b) for an entry of partial final judgment on Plaintiffs' claims related to, and contingent on, the curfew's validity. (*See* Mot. for Entry of J. Under Rule 54(b) ("Mot.") (Dkt. 36).) The City Defendants oppose the motion. (*See* Opp. (Dkt. 38).)

## II. APPLICABLE LAW

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Certification of a final judgment pursuant to Rule 54(b) is a "permissive, not mandatory, mechanism." *Crespo v. Carvajal*, No. 17-CV-6329 (MKB) (PK), 2021 WL 4237002, at *2 (E.D.N.Y. Sept 14, 2021).[1] "[I]n the federal district courts, the entry of a final judgment is generally appropriate only after

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

3

all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).

However, Rule 54(b) "authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018).

The moving party often has little difficulty satisfying the first two requirements. *See, e.g., Pearson Educ., Inc. v. Heliosbooks, Inc.*, No. 17-CV-203 (KMW), 2022 WL 970454, at *2 (S.D.N.Y. Mar. 31, 2022) (finding that "the first two conditions are clearly met"); *Crespo*, 2021 WL 4237002, at *4 (finding there is "no[] dispute" as to "the first two prongs of the inquiry"). However, "[e]ven when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055 (RWS), 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005) (summary order). Thus, the key factor is whether there is no just reason for delay. This factor requires consideration of two principles: (i) judicial administrative interests, and (ii) the equities involved. *See Novick*, 642 F.3d at 310.

"[S]ound judicial administration must involve a proper regard for the duties of both the district court and the appellate court." *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992). That is, courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim[s] or require [the appellate court] to decide issues twice." *Id.* Further, "it does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a

4

given case in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311. Therefore, in its consideration of a motion for Rule 54(b) entry of final judgment, the district court "must be mindful of 'the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law.'" *Hayward v. IBI Armored Servs., Inc.*, No. 17-CV-02944 (ILG), 2019 WL 2477791, at *3 (E.D.N.Y. June 13, 2019) (quoting *Hudson River Sloop Clearwater v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989)).

In determining whether to grant Rule 54(b) certification, courts must also consider the equities involved, specifically whether "postponing appeal until after a final judgment . . . will cause unusual hardship or work an injustice." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992); *see also id.* at 1025 (finding that the district court's Rule 54(b) certification was an abuse of discretion because the district court gave no indication that "the case was an exceptional one or that there would be any unusual hardship in requiring [the parties] to await . . . the disposition of the entire case before obtaining appellate review"). The Second Circuit has also cautioned that Rule 54(b) motions should be granted

> [o]nly when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . , for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award . . . , or where an expensive and duplicative trial could be avoided if, *without delaying prosecution of the surviving claims*, a dismissed claim were reversed in time to be tried with the other claims.

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (emphasis added); *see also O'Bert ex rel. Estate*

5

of *O'Bert v. Vargo*, 331 F.3d 29, 40-41 (2d Cir. 2003) (explaining that Rule 54(b) "should be used only in the infrequent harsh case," such as when "there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal").

"Considering the 'historic federal policy against piecemeal appeals,' the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised 'sparingly.'" *Hayward*, 2019 WL 2477791, at *3 (quoting *Advanced Magnetics, Inc.*, 106 F.3d at 16). The burden is on the "party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such judgment." *Novick*, 642 F.3d at 314. Ultimately, the decision "is left to the sound judicial discretion of the district court," and appellate courts "defer to the sound judgment of the distict court." *Ginett*, 962 F.2d at 1092-93.

### III. DISCUSSION

Here, Plaintiffs satisfy the first two Rule 54(b) requirements, as there are multiple claims and parties, and several of the claims have been finally determined. Thus, the availability of Rule 54(b) certification turns on whether there is no just reason for delay.

To obtain appellate review of a single issue—"whether or not the Court improvidently decided the merits of the curfew validity claims in the absence of any discovery"—Plaintiffs argue that the claims are "unrelated in all material respects to the surviving claim in this case." (Mot. at 1, 7.) Consequently, the appellate court "will not be called upon to revisit the same issues of fact or law." (*Id.* at 7.) In short, Plaintiffs argue that judicial administrative interests favor Rule 54(b) certification because the dismissed claims are separable from the surviving claims.

6

It is true that Plaintiffs' dismissed curfew validity, unlawful arrest, and false imprisonment claims are distinct from the surviving selective enforcement and municipal liability claims since the dismissed claims depend on the legality of the curfew itself, but the remaining claims do not. Consequently, the dismissed claims are likely separable because they would not require the appellate court to consider the same fact or decide the same issues twice. *See Crespo*, 2021 WL 4237002, at *3 ("Claims are often treated as separable within the meaning of Rule 54(b) 'if they involve at least some different questions of fact and law and could be separately enforced'" (quoting *Advanced Magnetics, Inc.*, 106 F.3d at 21-22)).

But "the mere separability of a claim does not warrant Rule 54(b) certification." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 763 F. Supp 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Rather, Plaintiffs must "show *not only* that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Novick*, 642 F.3d at 314; *see also Enventure Energy*, 763 F. Supp at 731 ("[T]he just reasons for delay inquiry requires a balancing of judicial administrative interests *and* the equities involved." (emphasis added)). On that score, Plaintiffs contend that the equitable interests favor Rule 54(b) certification because "millions of putative class members will have to wait for the resolution" of the remaining claims which belong "to only a few hundred members" and that with "any further delay," claims could be prejudiced by fading memories. (Mot. at 8-9.) They also argue that there would be unnecessary waste and inefficient use of resources due to duplication of discovery and trial if the Rule 54(b) motion is denied,

7

and the appellate court reverses this court's decision granting Defendants' partial motion to dismiss. (*Id.* at 9.)[2]

The court finds Plaintiffs' arguments with respect to equity unpersuasive. Delay resulting from the wait until after final judgment has been entered is inherent in every denial of Rule 54(b) certification. *See Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804 (PGG), 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (denying Rule 54(b) motion since the party had not shown "any unusual hardship or injustice that it, or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining a final judgment"). Likewise, the possibility of fading memories due to delay is not unique and does not rise to the level of "unusual hardship" required for Rule 54(b) entry of partial final judgment. *Hogan*, 961 F.2d at 1026; *see also Crespo*, 2021 WL 4237002, at *5-6 (finding plaintiffs' equitable considerations argument that "witness memories will certainly fade" if "forced to wait several more years to appeal their claims" insufficient for Rule 54(b) certification). Moreover, Plaintiffs' "desire for finality, while understandable, does not justify granting a Rule 54(b) motion." *Timperio*, 2020 WL 9211177, at *3. *Id.*

Courts in the Second Circuit regularly conclude that the possibility that reversal will result in additional, and potentially duplicative, discovery and trial costs does not justify an entry of

---

[2] Plaintiffs also make various arguments about the merits of the issue they seek to immediately appeal. (*See* Mot. at 10-14.) However, courts in the Second Circuit do not consider this factor as part of the Rule 54(b) analysis. *See TADCO Construction Grp. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-73 (KAM) (JMA), 2012 WL 3011735, at *7 (E.D.N.Y. July 23, 2012) (finding the merits of a potential appeal "not persua[sive]" and not "sufficient" for Rule 54(b) certification); *In re Vivendi Universal, S.A., Sec. Litig.*, No. 02-CV-5571 (RJH), 2012 WL 362028, *3 (S.D.N.Y. Feb. 6, 2012) (rejecting the substance of legal issues as "of no moment" in considering whether Rule 54(b) certification is appropriate).

partial final judgment pursuant to Rule 54(b). *See, e.g., FAT Brands, Inc. v. PPMT Capital Advisors, Ltd.*, No. 19-CV-10497 (JMF), 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) ("[T]he possibility that unnecessary discovery and trial costs would result should the Second Circuit decide to reverse the Court's earlier opinion is inherent in *every* denial of Rule 54(b) certification, and hardly rises to the level of hardship that warrants immediate appeal."); *TADCO*, 2012 WL 3011735, at *6 (finding that "tremendous additional legal fees for a potential second trial . . . are inherent in every denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal" (citing *Hogan*, 961 F.2d at 1026)).[3]

Since Plaintiffs have not shown any unusual hardship or injustice if a partial final judgment is not entered, the equitable interests do not favor Rule 54(b) certification. *See Hogan*, 961 F.2d at 1026 (reasoning that "absent any special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties, will cause unusual hardship or work an injustice," there is no "basis for entry of an immediate partial final judgment").

---

[3] This court has previously found that the potential for duplicative trials may constitute a hardship warranting immediate appeal under Rule 54(b). *See United States v. City of N.Y.*, No. 07-CV-2067 (NGG) (RLM), 2012 WL 314353, at *10 (E.D.N.Y. Feb. 1, 2012). But part of that case had already been appealed to the Second Circuit. Thus, in that case, unlike this one, the court had to decide whether the claim on which the party sought Rule 54(b) certification should be heard alongside the preexisting appeal or wait until the disposition of the remaining claims. *Id.*

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for entry of partial final judgment and issuance of a certificate of appealability pursuant to Rule 54(b) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 12, 2022

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge