UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LAMEL JEFFERY, THADDEUS BLAKE, CHAYSE
PENA, on Behalf of Themselves and Others Similarly
Situated,

**STIPULATION AND
ORDER OF
VOLUNTARY
DISMISSAL**

Plaintiffs,

-against-

**20-CV-2843(NGG)(RML)**

THE CITY OF NEW YORK, ET AL.,
Defendants.
------------------------------------------------------------------- x

**WHEREAS,** plaintiffs commenced this action by filing a complaint on or about
June 26, 2020, alleging that the defendants violated plaintiffs' federal civil rights, under the
Fourth and Fourteenth Amendment of the Constitution, by stopping, seizing, and/or otherwise
having their liberty restrained in connection with the enforcement of the Citywide Curfew in
effect from June 1, 2020 through June 8, 2020; and

**WHEREAS,** on March 17, 2021, defendants City of New York and De Blasio
("City defendants") and Cuomo moved to dismiss, *inter alia*, the Fourth Amendment False
Arrest and Seizure claims related to the issuance, enactment and enforcement of the Curfew
Order ("False Arrest claims"), and City defendants further moved to dismiss claims against
former Mayor De Blasio in his individual capacity.  City defendants did not move dismiss the
remaining Equal Protection Claim.

**WHEREAS,** by Memorandum and Order dated January 21, 2022 ("Dismissal
Order") the Honorable Nicholas G. Garaufis dismissed the False Arrest claims against all
defendants, dismissed all claims against former Mayor De Blasio in his individual capacity, and
dismissed all claims against former Governor Cuomo, finding that plaintiffs had not sufficiently

alleged the personal involvement of defendant Cuomo in the decision to enact and/or issue the Curfew Order; that the Curfew Order itself satisfied strict scrutiny constitutional review and was therefore lawful and that plaintiff had not alleged that De Blasio was personally involved in the selective enforcement of the Curfew.

**WHEREAS**, following the Court's decision, on February 7, 2020 plaintiffs filed a motion pursuant to FRCP 54(b) requesting the Court enter final judgment on the Dismissal Order so that plaintiffs could pursue an immediate appeal.

**WHEREAS**, on July 12, 2022, the Honorable Nicholas G. Garaufis issued a Memorandum and Order denying plaintiff's 54(b) motion finding that a balance of equities did not favor permitting an immediate appeal of the Dismissal Order.

**WHEREAS**, the only remaining claim following the Court's Dismissal Order is plaintiffs' Equal Protection Claim under the Fourteenth Amendment against defendant City of New York alleging unequal and racially disparate enforcement of the Curfew Order ("Equal Protection Claim").

**WHEREAS**, the Dismissal Order's legal findings are of such importance to the instant action that plaintiffs wish to seek to appeal the legal holdings therein in lieu of awaiting the termination of the remaining Equal Protection Claim in this case.

**WHEREAS**, following the entry of Final Judgment in this case, plaintiffs will seek immediate appeal of the issues raised by the parties in briefing defendants' motion for judgment on the pleadings or decided by the Court in the January 22, 2022 Dismissal Order.

**WHEREAS**, plaintiffs have authorized their counsel to agree to the following terms and conditions for the purposes of resolving the outstanding issues of liability and damages in this action;

2

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.     The sole remaining Equal Protection Claim asserted in the Complaint is dismissed and discontinued with prejudice against the City defendants without costs to either party as against the other.

2.     The sole purpose of this stipulation and dismissal of the remaining Equal Protection Claim is to enable plaintiffs to pursue and immediate appeal of the Court's January 22, 2020 Dismissal Order.

3.     If the Court of Appeals for the Second Circuit–dismisses the appeal for lack of jurisdiction, plaintiffs may seek to vacate the judgment within thirty days of the denial and resume litigation in District Court.

4.     This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except for the purposes of appealing the Decision and to enforce the terms of this agreement.

5.     This Stipulation contains all the terms and conditions agreed upon by the parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant action shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein. The District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms set forth in this Stipulation.

Dated: New York, New York
        September 7, 2022

COHEN & FITCH, LLP                        SYLVIA O. HINDS-RADIX

3

*Attorney for Plaintiffs*
110 East 59th Street, Suite 3200
New York, New York 10022

Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York
and Mayor Eric Adams*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
    Joshua P. Fitch
    *Attorney for Plaintiffs*

By: _____
    Gregory J.O. Accarino
    *Assistant Corporation Counsel*

SO ORDERED:

s/Nicholas G. Garaufis

_____
HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
Dated: ___9 / 23___, 2022

4