UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAMEL JEFFERY, THADDEUS BLAKE, CHAYSE PENA, on Behalf of Themselves and Others Similarly Situated,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, ET AL.,
        Defendants.
------------------------------------------------------------------x

**PROPOSED JUDGMENT**

**20-CV-2843(NGG)(RML)**

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about June 26, 2020, alleging that the defendants violated plaintiffs' federal civil rights, under the Fourth and Fourteenth Amendment of the Constitution, by stopping, seizing, and/or otherwise having their liberty restrained in connection with the enforcement of the Citywide Curfew in effect from June 1, 2020 through June 8, 2020; and

        **WHEREAS,** on March 17, 2021, defendants City of New York and De Blasio ("City defendants") and Cuomo moved to dismiss, *inter alia*, the Fourth Amendment False Arrest and Seizure claims related to the issuance, enactment and enforcement of the Curfew Order ("False Arrest claims"), and City defendants further moved to dismiss claims against former Mayor De Blasio in his individual capacity. City defendants did not move to dismiss the remaining Equal Protection Claim.

        **WHEREAS,** by Memorandum and Order dated January 21, 2022 ("Dismissal Order") the Honorable Nicholas G. Garaufis dismissed the False Arrest claims against all defendants, dismissed all claims against former Mayor De Blasio in his individual capacity, and dismissed all claims against former Governor Cuomo, finding that plaintiffs had not sufficiently

alleged the personal involvement of defendant Cuomo in the decision to enact and/or issue the Curfew Order; that the Curfew Order itself satisfied strict scrutiny constitutional review and was therefore lawful and that plaintiff had not alleged that De Blasio was personally involved in the selective enforcement of the Curfew.

**WHEREAS**, following the Court's decision, on February 7, 2020 plaintiffs filed a motion pursuant to FRCP 54(b) requesting the Court enter final judgment on the Dismissal Order so that plaintiffs could pursue an immediate appeal.

**WHEREAS**, on July 12, 2022, the Honorable Nicholas G. Garaufis issued a Memorandum and Order denying plaintiff's 54(b) motion finding that a balance of equities did not favor permitting an immediate appeal of the Dismissal Order.

**WHEREAS**, the only remaining claim following the Court's Dismissal Order is plaintiffs' Equal Protection Claim under the Fourteenth Amendment against defendant City of New York alleging unequal and racially disparate enforcement of the Curfew Order ("Equal Protection Claim").

**WHEREAS**, plaintiffs wish to forego their remaining Equal Protection Claim against the City defendants so that the Court's Dismissal Order will become a final, appealable order and plaintiff may appeal the Dismissal Order to the Second Circuit.

**WHEREAS**, the parties have entered into a Stipulation dated September 7, 2022 (the "Stipulation"), dismissing the remaining Equal Protection Claim with prejudice against the City defendants; and

**WHEREAS**, there are no other legal or factual issues to be addressed by this Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Pursuant to the parties' Stipulation, the sole remaining Equal Protection Claim asserted in the Complaint against the City defendants is dismissed with prejudice.

2. The Court hereby enters Final Judgment on its January 21, 2022 Dismissal Order that dismissed, *inter alia*, the False Arrest Claims against all defendants.

3. All findings of law and fact contained in the Court's January 21, 2022 Dismissal Order are hereby incorporated by reference into this final Judgment.

4. Having entered Final Judgment on the Dismissal Order, plaintiffs may now pursue an immediate appeal of the Dismissal Order.

5. All appellate filing deadlines/timelines under the FRAP, FRCP and all relevant local rules shall begin to run as of the date of the entry of this Final Judgment and NOT the date of the January 21, 2022 Dismissal Order.

6. If, upon the parties' appeal, the Court of Appeals for the Second Circuit dismisses the appeal for lack of jurisdiction, plaintiffs may seek to vacate the judgment within thirty days of the denial and resume litigation in District Court.

Dated: ~~New York~~ Brooklyn, New York

**So Ordered.**

s/Nicholas G. Garaufis

**Hon. Nicholas G. Garaufis**
**Date:** 9/23/22